IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**CHRIS BRYANT**                                                                                       **PLAINTIFF**

v.                           Case No. 6:22-CV-__06088__-SOH

**JEFF FRENCH CONSTRUCTION, JEFF FRENCH,
HARRIS UNDERGROUND CONSTRUCTION &
FIBER INSTALLATION INC., AND RANDY HARRIS**                **DEFENDANTS**

## ORIGINAL COMPLAINT

COMES NOW Chris Bryant, by and through his attorney Chris Burks of WH LAW, for his Original Complaint against Jeff French Construction, Jeff French, Harris Underground Construction & Fiber Installation Inc., and Randy Harris, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful minimum wage and overtime compensation for hours worked in excess of forty (40) hours per week.

2.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect within the Hot Springs Division of the Western District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Conway County.

12. Plaintiff Chris Bryant was employed by Defendants as an hourly-paid employee within the three years relevant to this lawsuit.

13. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

14. Defendant Jeff French Construction can be served at 1304 County Rd. 700 East, Carmi, IL 62821.

15. Defendant Jeff French is a principal, director, and/or operator of the company.

16. Defendant Harris Underground Construction & Fiber Installation Inc. can be served at 148 Mexico Road, Edenton, NC 27932.

17. Defendant Randy Harris is a principal, director, and/or operator of the company.

18. Defendant Jeff French and Randy Harris are jointly an "employer" with their respective companies within the meanings set forth in the FLSA and AMWA, and both sets of employers were, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

19. Defendants Jeff French Construction and Harris Underground Construction & Fiber Installation Inc., are installers of aerial fiber and cable.

20. During the time period relevant to this case, Plaintiff was employed by Defendants to install fiber optic cable in Garland County, Arkansas.

21. Defendants Jeff French Construction and Harris Underground Construction & Fiber Installation Inc. have employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to install aerial fibers and cables.

22. Defendant Jeff French Construction and Harris Underground Construction & Fiber Installation Inc.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

### IV.   FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as an hourly-paid employee.

25. Plaintiff regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

26. Plaintiff was employed by Defendant Randy Harris and Defendant Harris Underground Construction & Fiber Installation Inc. to install fiberoptic cable in Hot Springs, AR, in January 2022.

27. Plaintiff was not paid for all hours he worked while employed by Defendant Randy Harris and Defendant Harris Underground Construction & Fiber Installation Inc.

28. Plaintiff was subsequently employed by Jeff French and Jeff French Construction to install fiberoptic cable in Hot Springs, AR.

29. Plaintiff was not paid for all hours he worked while employed by Defendant Jeff French and Defendant Jeff French Construction.

30. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA and AMWA.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

31. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

32. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

33. During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

34. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff a minimum wage for all hours worked under forty (40) in each one-week period, and an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

35. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

36. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

37. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

38.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

40.   At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

41.   Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

42.   Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum wage of note less than eleven dollars ($11.00) per hour beginning January 1, 2021.

43.   Defendants failed to pay Plaintiff a lawful minimum wage and all overtime wages owed as required under the AMWA.

44.   Defendants have failed to pay Plaintiff for all hours worked during his employment with Defendants.

45.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

46.   By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee

provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

47.  Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chris Bryant respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(A)  That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to them;

(B)  A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)  A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(E)  Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(F)  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

  (G) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

  (H) An order directing Defendants to pay Plaintiff pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

  (I) Such other and further relief as this Court may deem necessary, just and proper.

    Respectfully submitted,

    **Chris Bryant, PLAINTIFF**

    WH Law | We Help
    1 Riverfront Pl. – Suite 745
    North Little Rock, AR 72114
    (501) 891-6000

  By: *Chris Burks*
    Chris Burks (ABN: 2010207)
    chris@wh.law